**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| FERRELLGAS, L.P., by and through its general partner FERRELLGAS, INC., Plaintiff, | ) | |
| vs. | ) | Civil No.: 01-CV-004 PAM/RLE |
| NORTHWOODS PROPANE, INC., Defendant. | ) | |

**STIPULATED PROTECTIVE ORDER**

Plaintiff Ferrellgas, L.P., by and through its general partner Ferrellgas, Inc., ("Ferrellgas") and Defendant Northwoods Propane, Inc. ("Northwoods") have moved the Court to enter a protective order to govern anticipated production of materials which contain trade secrets, proprietary business information, or confidential information. After review of the parties' Motion and this Stipulated Protective Order, the Motion of the parties is **GRANTED**. For good cause shown, and pursuant to Fed. R. Civ. P. 26(c), the Court enters the following Protective Order:

1. Designated Material. Any information or material which contains trade secrets, proprietary business information, or confidential information and which is produced, formally or informally, in response to a discovery request in this action or otherwise may be designated as confidential by the person or entity producing it or by any party to this action, with substantial justification (the "Designating Person"). All such information and material and all information or material derived from it constitutes "Designated Material" under this Order. The designation may be made to avoid invasions of individual privacy and to protect proprietary

KC01DOCS/522564.01

FILED MAR 28 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

information, confidential business or financial information, and/or trade secrets relating to the Designating Person's business, personal, or financial affairs. The designation shall be "CONFIDENTIAL." The parties agree, and it is ordered, that they will not designate any document or testimony as "CONFIDENTIAL" unless they believe in good faith that the information so designated is, in fact, confidential such that its disclosure could reasonably result in harm.

2. Access. Designated Material shall not be used or disclosed for any purposes other than the litigation of this action and may be disclosed only as follows:

(a) Material designated "CONFIDENTIAL" may be disclosed to (1) attorneys and the attorneys' employees involved in the conduct of this litigation, (2) the parties to this action or the officers, directors, members and/or employees of parties to this action who have agreed in writing (see Exhibit A attached hereto) to be bound by this Order, except an officer, director and employee may be shown a copy of the confidential information of his or her company without execution of Exhibit "A," and (3) those individuals to whom Designated Material may be disclosed under the terms of paragraph (b) below.

(b) (i) All Designated Material may be disclosed to consultants who have agreed in writing (see Exhibit "A" attached hereto) or on the record of a deposition to be bound by this Order and who certify in writing before disclosure is made to them that they are not a competitor of any party to this action or a consultant for or employed by such a competitor. Upon receipt of this

certification, disclosure of Designated Material may be made to them without notification to the Designating Party.

(ii) No disclosure may be made to any prospective consultant known to be a competitor or a consultant for or employed by such a competitor of any party to this action unless such consultant has been approved by the party affected by the potential disclosure. To obtain approval, counsel shall identify the prospective consultant to the other parties and provide a brief description of the consultant's business, qualifications, and past and present affiliations. The notified parties shall have twenty (20) days from their receipt of the notice to deliver to the notifying party and to serve on all other parties their written objections, if any. Upon timely objection, disclosure to the consultant shall not be made, subject to a successful motion for relief made by the party objecting to the consultant. Absent timely objection, the consultant shall be deemed approved.

(iii) No disclosure may be made to any consultant unless such consultant has agreed in writing (see Exhibit "A" attached hereto) not to become a consultant for or become employed by a competitor of any party to this action for one (1) year after such disclosure has been made.

(c) Copies. Copies and extracts may be made by or for the foregoing persons, provided that all copies and extracts are appropriately marked. All copies and extracts are subject to paragraph 10 of this Order.

(d) Custody of Designated Materials. All documents containing information designated "CONFIDENTIAL" and notes or other records

regarding that information shall be maintained in the custody of counsel for the parties.

(e) Custody of Executed Undertakings and Certifications. Complete sets of executed undertakings and certifications (see Exhibit "A" attached hereto) shall be kept on file in the office of a designated counsel for Ferrellgas or designated counsel for Northwoods, as applicable.

(f) Authors and Addressees. The designation of any document as "CONFIDENTIAL" shall not preclude any party from showing the document to any person who appears as an author, addressee or recipient on the face of the document.

3. Designating Documents. When a party producing documents wishes to designate some portion as "CONFIDENTIAL" such designation shall be made by placing an appropriate legend on the document prior to production.

4. Designating Depositions.

(a) Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL" by a party either: (i) before the testimony is recorded, in which case the transcript of the designated testimony shall be bound in a separate volume and marked by the reporter, as the Designating Person may direct, or (ii) by captioned, written notice to the reporter and all counsel of record, given within thirty (30) business days after the reporter sends written notice that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or

portion thereof in their possession or control as directed by the Designating Person.

(b) Where testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph 2 of this order.

(c) Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided that the deposition witness is one to whom the exhibit may be disclosed under paragraph 2 of this Order and the exhibit and related transcript pages receive the same confidentiality designation as the original material.

5. Court Procedures. The parties agree not to file Designated Material with the Court unless necessary to do so. If any portion of a motion or other submission to the Court does contain Designated Material, the portion containing the Designated Material shall be filed under seal. All submissions of Designated Material shall be filed with the Court in sealed enclosures on which shall be affixed the title of this action, an indication of the nature of their contents, particularly the nature of the confidentiality claimed, the word "CONFIDENTIAL" and a statement substantially in the following form:

> THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A PROTECTIVE ORDER ENTERED IN THIS ACTION. IT IS NOT TO BE OPENED NOR ARE ITS CONTENTS TO BE DISPLAYED, REVEALED OR MADE PUBLIC, EXCEPT BY ORDER OF THE COURT.

The submission shall indicate clearly which portions are designated to be confidential. A copy of this stipulated protective order shall be submitted with the filed materials.

Unless otherwise ordered by the Court, any hearing at which Designated Material may be referred to or disclosed shall be held only after appropriate steps are taken to ensure that the confidentiality of the information is preserved during the hearing.

6. Objections. A party may challenge the propriety of any designation under this Order at any time. A challenge may be made by serving on all other parties a captioned notice of objection, which shall identify with particularity the items as to which the designation is challenged, state the basis for each challenge and propose a new designation for each item. The challenged material shall not be deemed redesignated unless the parties agree in writing or the party seeking redesignation prevails in a motion to compel redesignation. In the event of a motion to compel, the original designations shall remain effective until entry of a court order redesignating the materials. Hearing on any such motion shall be heard before the appropriate District Court Judge or Magistrate Judge assigned to this case.

7. No Prejudice

(a) Nothing in this order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery.

(b) Nothing in this order shall preclude any party from using or disclosing its own documents or information.

(c) This order shall not diminish any existing obligation or right with respect to Designated Material (e.g., protection afforded by the

attorney-client privilege or the attorney work product immunity), nor shall it prevent a disclosure to which the Designating Person consents in writing before the disclosure takes place.

(d) Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Order shall not be admissible for any purpose during any proceeding on the merits in this action.

(e) A party may seek to make late designations of discovery by stipulation or court order if the party failed to make a timely designation through mistake or inadvertence.

(f) The inadvertent or accidental disclosure of any document or information in this action shall not be deemed a waiver in whole or in part of a person's claim of confidentiality or its claim of privilege or other protection from discovery, either as to the specific documents or information disclosed or as to any other documents or information relating thereto or of the same or related subject matter. Any document or information so produced and subject to a subsequent claim of privilege, work product or other protection, shall be returned immediately to the appropriate party, and such documents or information shall not be introduced into evidence in the action by any person without either (i) the consent of the person producing the document or information and, if different, the person designating such document or information as privileged or protected by the work product doctrine or other privilege, or (ii) order of the Court. Any designation of documents or information as "CONFIDENTIAL" hereunder may be made at any

time, but is only effective upon and after such designation, except as provided in paragraph 4.

9. Final Disposition. Documents designated as "CONFIDENTIAL" shall be returned to the producer or destroyed within ninety (90) days after a Court order finally terminating this action. Upon request, each party shall provide the producing party with a declaration certifying that all documents required to be returned or destroyed pursuant to the provisions of this paragraph here have been returned or destroyed.

10. Modification and Survival. The restrictions imposed by this Order may only be modified or terminated by written stipulation of all parties or by order of this Court. This Order shall survive termination of this action.

11. No Contract. This stipulation is for the Court's consideration and approval as an order. It shall not be construed to create a contract between the parties or between the parties and their respective counsel.

Dated: March 28, 2001

Raymond L. Erickson
Judge of the District Court

Prepared and Approved by:

**BRYAN CAVE LLP**

Craig S. O'Dear (MO #30167)
Eric G. Zahnd (MO #47196)
Michelle M. Clark (MO #46609)
3500 One Kansas City Place
1200 Main Street
Kansas City, Missouri 64105
Telephone: (816) 374-3200
Facsimile: (816) 374-3300

AND

**RIDER, BENNETT, EGAN & ARUNDEL, LLP**

John D. Thompson (178676)
Dale L. Deitchler (233109)
2000 Metropolitan Centre
333 South Seventh Street
Minneapolis, Minnesota 55402
Telephone: (612) 340-8973
Facsimile: (612) 340-7900

ATTORNEYS FOR PLAINTIFF FERRELLGAS, L.P., by and through its general partner FERRELLGAS, INC.

AND

Richard E. Prebich
1932 Second Avenue East
Suite 2
Hibbing, Minnesota 55746

ATTORNEY FOR DEFENDANT

**EXHIBIT A**

UNDERTAKING OF PROTECTIVE ORDER

I, ______________________________, declare:

1. My address is ____________________________________________. My present occupation is ________________________________________.

2. I have received a copy of the Protective Order in this action. I have carefully provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not copy or use, except for purposes of this action, any information designated "CONFIDENTIAL" which I receive in this action.

**Additional language for consultants pursuant, to Paragraph 2(b)(i)-(iii) of the Protective Order: I certify that I am not a competitor of any party to this action or a consultant for or employed by such a competitor and that I will not become a consultant for or become employed by a competitor for one year after Designated Materials have been disclosed to me.**

Executed this ___day of _______________, 2001, at ________________________ ____________________________________________.

I declare under penalty of perjury under the laws of the State of _______________ that the foregoing is true and correct.

____________________________________________

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Office of the Clerk
417 Federal Building
515 West First Street
Duluth, MN 55802

## Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing ***confidential original*** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 *All pleadings, motions, and other papers presented for filing shall be on 8½ x 11 inch white paper . . . flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts).*

B. Each envelope must list the following information, and ***EACH DOCUMENT IS TO BE IN A SEPARATE ENVELOPE***.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

N:\DAILY\FORMS\protecord.wpd