UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Ferrellgas, L.P., by and through its general partner, Ferrellgas, Inc.,

Plaintiff,

vs. MINUTE ORDER

Northwoods Propane, Inc.,

Defendant. Civ. No. 01-04 (PAM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 18th day of September, 2001.

## I. Introduction

On September 13, 2001, the Court heard argument on the Defendant's Motion to Compel. At the time of the Hearing, the Plaintiff Ferrellgas, L.P. ("Ferrellgas"), appeared by John D. Thompson, Esq., and the Defendant Northwoods Propane, Inc. ("Northwoods"), appeared by Richard E. Prebich, Esq. For reasons expressed during the Hearing, and briefly reiterated below, we grant the Defendant's Motion, in part.

## II. Factual and Procedural History

Both parties are propane retailers. Two individuals, David Brownell ("Brownell") and Rachelle Marshall ("Marshall"), once worked for Ferrellgas, or its predecessor, Thermogas Company

(20)

FILED SEP 18 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK mb

("Thermogas"),[1] but are now employed by Northwoods. While they were employed by Ferrellgas, both Brownell and Marshall signed Employment Agreements which stated, in part, that for a period of two years after leaving Ferrellgas, they would not:

> Use or reveal Confidential Information to any one other than for or on behalf of Ferrellgas (or Thermogas) both during and after Employee's employment.
>
> * * *
>
> Directly or indirectly, in person or through others, for the benefits of Employee or another, call upon, solicit, sell, divert, take away, deliver to, accept business or orders, or otherwise deal with Ferrellgas (or Thermogas) Customers, nor shall Employee, in any capacity, assist others to do so.
>
> Directly or indirectly, interfere with the business relationship between Ferrellgas (or Thermogas) and any Ferrellgas (or Thermogas) Customers.
>
> * * *
>
> Hire or take away, directly or indirectly, any Ferrellgas (or Thermogas) employee.

Ferrellgas argues that, with Northwoods' assistance and encouragement, Brownell and Marshall have unfairly competed with Ferrellgas by violating the terms of their Employment Agreements, including

---

[1]Thermogas was a subsidiary of Mapco, which was acquired by Williams. Ferrellgas acquired Thermogas from Williams in 1999.

using Ferrellgas' confidential customer information and other trade secret information.

As a result, Ferrellgas has sued Northwoods for tortiously interfering with Brownell's and Marshall's respective Employment Agreements, in violation of the Minnesota Uniform Trade Secrets Act; for violating Minnesota Statute Section 299F.40, which prohibits the taking, delivering or permitting to be delivered, or otherwise using, disposing of, or trafficking in liquefied petroleum gas containers owned by Ferrellgas without Ferrellgas' consent; and for unfair competition and unjust enrichment. In turn, Northwoods has denied all allegations in the Complaint, and has asserted a counterclaim, contending that Ferrellgas has damaged Northwoods' business by false representations made with purposeful malice. In particular, Northwoods contends that there was no valid Employment Agreement between Ferrellgas and Brownell, because of a lack of consideration, and a waiver of enforcement by Ferrellgas. In regard to Marshall, Northwoods also contends that the alleged Employment Agreement is invalid, and that there have been no activities which have violated the Agreement.

Northwoods now brings this Motion to Compel Ferrellgas to respond to a number of discovery requests. The requests were initially sent to Ferrellgas on March 2, 2001, and Ferrellgas answered on April 2, 2001. There have been some discussions between the

parties, regarding Ferrellgas' responses to the requests, between April 2, 2001, and the date that this Motion was filed. on July 25, 2001, which have narrowed the issues for resolution.

## II. Discussion

At the Hearing, Northwoods advised the Court that it was withdrawing a few of the discovery requests which were listed in their Motion to Compel. Consequently, the Defendant's Motion to Compel, with respect to Interrogatories numbered 9 and 10, and Requests for Production numbered 6 and 11, is denied, as moot. We will discuss the remaining disputes as they were addressed at the Hearing.

A. Interrogatory Number 11. This Interrogatory asks for a list of all lawsuits commenced by, or brought against Ferrellgas within the last five years, which relate to attempted enforcement, by Ferrellgas, of employee agreements or non-competition agreements similar to those at issue here. Ferrellgas has provided Northwoods with the two cases which resulted in decisions, or orders from a Court, but has not provided any information regarding any other cases, such as those that have been settled.

We find that a listing of the requested cases may lead to relevant information. We further note, as acknowledged by Ferrellgas, that some of these cases may be subject to confidentiality agreements, although we do not believe, in most cases, that the entire case will be sealed. Nonetheless, if the parties run into

problems due to the existence of an applicable confidentiality agreement, then they should immediately return to the Court for guidance. Moreover, if Ferrellgas determines that the number of cases, which are encompassed by this request, is unduly large, it may return to the Court for appropriate protection. Thus, we grant the Defendant's Motion to Compel as to Interrogatory Number 11.

B. Interrogatory Number 12. This Interrogatory asks Ferrellgas to list the names, addresses, and phone numbers, of all individuals who have been contacted for information by any of Ferrellgas' agents, relative to the pending litigation, and then to summarize those contacts. Ferrellgas objects to the Interrogatory as seeking attorney-client and work-product privileged material.

We agree with Ferrellgas that this Interrogatory, read in a broad fashion, impinges on the work-product privilege. However, in regard to inquiries of customers, which were made by Ferrellgas in the ordinary course of business, such inquiries are certainly not protected by a privilege. See, Simon v. G.D. Searle & Co., 816 F.2d 397, 401 (8th Cir. 1987)("[E]ven though litigation is already in prospect, there is no work product immunity for documents prepared in the regular course of business rather than for purposes of litigation."). Thus, we find that any contacts, by Ferrellgas, with its customers who switched from Ferrellgas to Northwoods, and which were made in the ordinary course of business, to be

discoverable. Therefore, we grant the Defendant's Motion to Compel, in regard to Interrogatory Number 12, to the extent here allowed.

C. <u>Request for Production Number 5</u>. This request is for all "intercorporate" documents, memoranda, or notes pertaining to Thermogas' or Ferrellgas' non-competition agreements, from and including the year 1994 to the present. Although there was apparently some confusion as to whether the request encompassed "intercorporate," or "intracorporate" documents, Northwoods explained, at the Hearing, that the Request was directed at documents such as the abrogation agreement, and the reinstatement agreement, which have already been produced by Ferrellgas, as well as any documents relating to the issues addressed by the "Turner Memo." As we believe that those documents are discoverable, Ferrellgas is directed to produce any such documents, whether they are deemed "intercorporate" or "intracorporate." Thus, we grant the Defendant's Motion as to Request Number 5.

D. <u>Request for Production Number 9</u>. This Request asks Ferrellgas to provide a copy of interoffice notes, memoranda and/or letters, which are maintained by the employees of Ferrellgas' at its Hibbing Office, and which pertain to conversations with the general public concerning gas service from and after October 1, 2000, to the present. This Request is quite similar to Inter-

rogatory Number 12, and as with that Interrogatory, we direct Ferrellgas produce any documents which evidence how employees of the Hibbing Office dealt with customers who switched from Ferrellgas to Northwoods, as long as the actions of the employees were not directed by Ferrellgas' attorney, so as to be privileged. Thus, we grant the Defendant's Motion to Compel as to Request Number 9.

E. Request for Production Number 14. Finally, by this request, the Defendant seeks copies of all general ledgers, customer account records, profit and loss statements, balance sheets, and customer account lists, for Ferrellgas' Hibbing Office for the years January 1, 1998, through the present. Ferrellgas objects to the request as overly broad, unduly burdensome, and seeking irrelevant information. In particular, Ferrellgas argues that the requested information is irrelevant as its damages expert based his calculation of damages on Customer History Reports which, in turn, are not based upon the financial records that the Defendant has requested. Rather, according to Ferrellgas, the numbers employed by its expert, in determining Ferrellgas' damages, were based on historical data for the company as a whole.

As noted at the Hearing, significant questions have been raised as to how Ferrellgas' computed its alleged damages. Therefore, we direct the parties to "meet and confer" in an attempt to correlate Ferrellgas' damages computation to the financial records

of Ferrellgas, either as to its Hibbing facility, or as to the company as a whole. Ferrellgas is directed to produce the documentation which supports the damages calculation that it will present at the time of Trial. Thus, we deny the Defendant's Motion to Compel, as respects Request Number 14, but without prejudice to its renewal if the parties' "meet and confer" is unsuccessful.

NOW, THEREFORE, It is --

ORDERED:

That the Defendant's Motion to Compel [Docket No. 15] is GRANTED, in part, and DENIED, in part, as more fully detailed in the text of this Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE